UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Nilay Vora | | Jacob Ramirez |
| Lauren Babst | | |

**Proceedings:** PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' DEMAND FOR JURY TRIAL (Dkt. 85, filed January 9, 2017)

## I.   INTRODUCTION & BACKGROUND

On March 16, 2016, plaintiffs Dr. Lakhi Sakhrani, Priya Sakhrani, and Quality Dialysis Center Las Tunas, LLC (collectively, "plaintiffs") filed the operative First Amended Complaint ("FAC") in this action against defendants the City of San Gabriel ("the City"), Jason Pu, Juli Costanzo, John Harrington, and Kevin Sawkins (collectively, "defendants"). Dkt. 11. In the FAC, plaintiffs assert a number of claims against defendants for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, the Fair Housing Act ("FHA"), the California Fair Employment and Housing Act ("FEHA"), the Unruh Civil Rights Act, and for a Writ of Mandate. See generally FAC.

In brief, plaintiffs' claims arise out of their attempt to open a dialysis center on a commercially zoned property in San Gabriel. Plaintiffs submitted plans to the city planning commission and city council of San Gabriel requesting conditional use permits ("CUPs") to allow the proposed dialysis center to exceed 10,000 square feet and to allow the dialysis center to open with 20 percent fewer parking spaces than ordinarily required under the city's zoning laws. The City of San Gabriel's Planning Commission ("the Planning Commission") approved plaintiffs' applications; however, after a group of concerned citizens filed an appeal of the Planning Commission's decision, the City Council for the City of San Gabriel ("the Council") reversed the Planning Commission's decision and denied plaintiffs' CUP applications. Plaintiffs seek an injunction mandating that defendants grant the CUPs, as approved by the Planning Commission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

On May 16, 2016, the Court granted in part and denied in part defendants' motion to dismiss the FAC. Dkt. 19. Specifically, the Court dismissed plaintiffs' claims for violations of the FHA and the FEHA. Id. Plaintiffs did not file an amended complaint and are proceeding with their remaining claims pursuant to the ADA, Rehabilitation Act, and Unruh Act as well as their writ of mandate claim.

On December 20, 2016, the Court denied plaintiffs' motion for partial summary judgment as to their sixteenth claim seeking a writ of mandate. Dkt. 83. The Court found that it could not yet determine which standard of review to apply to the writ of mandate claim. Id. at 13–14. The applicable standard depends on whether the Council's decision affected a vested fundamental right arising out of the ADA or Rehabilitation Act, and the record was not sufficiently developed to make such a finding. Id. As a result, the Court denied plaintiffs' motion without prejudice, "subject to renewal at such time as plaintiffs' ADA and Rehabilitation Act claims have been resolved by a trier of fact."

On January 9, 2017, plaintiffs filed the instant motion to strike defendants' jury trial demand. Dkt. 85 ("Mot."). On January 13, 2017, defendants filed their opposition, dkt. 87 ("Opp'n"), and on January 23, 2017, plaintiffs filed their reply, dkt. 88 ("Reply").[1]

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

A party may demand a jury trial on any issue triable of right by a jury by serving the other parties with a written demand "no later than fourteen days after the last pleading directed to the issue is served." Fed. Rule Civ. Proc. 38(b). Under Federal Rule of Civil Procedure 39(a), after a jury trial has been demanded under Rule 38, the court may, "on motion or on its own, find[] that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2); see Craig v. Atl. Richfield Co., 19 F.3d 472, 477 (9th Cir. 1994) ("[U]nder Rule 39(a)(2), the court may, on its own initiative, remove a case from the jury docket if it finds that the right to a jury trial did not exist under a statute or the Constitution.").

---

[1] The parties are familiar with the detailed background of the case, which has been discussed in detail in prior orders, see dkt. 83.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

The Seventh Amendment guarantees a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars[.]" U.S. Const. amend. VII. "When the right to a jury trial is invoked in an action based on a statute, as is the case here, Tull v. United States . . . provides the appropriate analysis." Smith v. Barton, 914 F.2d 1330, 1337 (9th Cir. 1990). Tull provides a two-pronged inquiry, examining both the nature of the suit and the remedy sought, to determine whether a suit is one "at common law" for purposes of the Seventh Amendment. Tull v. United States, 481 U.S. 412, 417–18. (1987). First, the court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." Id. at 417. Second, the court must "examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 417–18. "Generally, an award of money damages was the traditional form of relief offered in the courts of law." Wooddell v. Int'l Bhd. of Elec. Workers, Local 71, 502 U.S. 93, 97 (1991). The question of the nature of the remedy "is the more important in our analysis." Id.

### III.   DISCUSSION

On July 7, 2016, defendants timely filed their answer along with a demand for a jury trial pursuant to Federal Rule of Procedure 38 and Central District of California Local Rule 38-1.

Plaintiffs contend that there is no right to a jury trial in this case because: (1) there is no statutory right to a jury trial under the ADA, the Rehabilitation Act, the Unruh Civil Rights Act, or when petitioning for a writ of administrative mandate; and (2) there is no Seventh Amendment right to a jury trial because (a) there is no "truly" analogous common law claim for disability discrimination and (b) the primary relief plaintiffs seek is injunctive and equitable in nature. See generally Motion; Reply at 5–6.

Defendants first argue that plaintiffs' motion is untimely and that plaintiffs' have waived their right to object to the demand for a jury trial. Opp'n at 3–4. Defendants contend that when the Court ruled on plaintiffs' motion for partial summary judgment on December 20, 2016, "[a] key aspect of the Court's ruling as the ultimate conclusion that a jury must decide the facts related to the claims of alleged discrimination[.]" Id. at 3 (citing dkt. 83 at 13–14). As a result, defendants suggest that it would be improper for the Court to sit in the position of factfinder over a second motion for summary judgment. Id. at 3–4. Second, defendants argue that plaintiffs seek monetary damages and, as a result, defendants have a Seventh Amendment right to a jury trial. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

The Court notes that it never concluded that a jury must serve as the factfinder in this case. Rather, the Court concluded that summary judgment on plaintiffs' writ of mandate claim was not appropriate before a "trier of fact" had determined the merits of plaintiffs' ADA and Rehabilitation Act claims, on which the writ mandate claim relies. See dkt. 83 at 13–14. It would *not* be improper for the court to serve as the trier of fact with respect to plaintiffs' ADA and Rehabilitation claims, and defendants cite no authority for their assertion otherwise. See Fed. R. Civ. P. 39(b); In re Slatkin, 525 F.3d 805, 811 (9th Cir. 2008) ("[A] summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial."). Furthermore, as defendants themselves concede, see Opp'n at 3, Rule 39 imposes no time limit within which a party is required to object to a jury demand. Accordingly, the Court concludes that plaintiffs' Rule 39(b) motion is not untimely.

The Court finds, and defendants do not dispute, that there is no express statutory right to a jury trial in this case. Courts agree that Title II of the ADA does not provide a jury trial right. See Chambers v. Sch. Dist. of Philadelphia Bd. of Educ., No. 05-cv-2535, 2014 WL 3572931, at *2 (E.D. Pa. July 21, 2014) ("Neither § 504 of the [Rehabilitation Act] nor § 202 of the ADA explicitly guarantee the right to a jury trial for claims brought pursuant to those statutes. Thus, the Court must follow the test set out in Tull to determine whether the Chambers family is entitled to a jury for their claims under the statutes."); Matthews v. Jefferson, 29 F. Supp. 2d 525, 536 (W.D. Ark. 1998) ("[T]here is no provision extending the right to a jury trial to cases brought under Title II of the ADA or the Rehabilitation Act."); Tyler v. City of Manhattan, 849 F. Supp. 1442, 1443 (D. Kan. 1994) ("The court has concluded, however, that the ADA does not provide plaintiff a right to a jury trial."), aff'd, 118 F.3d 1400 (10th Cir. 1997); Outlaw v. City of Dothan, Ala., No. 2:92-cv-1219-WHA-JLC, 1993 WL 735802, at *7 (M.D. Ala. Apr. 27, 1993) ("[T]he court applies the plain language of the statute and finds no language granting the right to a jury trial in Title II ADA cases."). Similarly, the Ninth Circuit has concluded that Section 504 of the Rehabilitation Act does not expressly provide a right to a jury trial. See Smith, 914 F.2d at 1336–37 (concluding "that there is no statutory entitlement to jury trial in section 504 cases" and applying the Tull test under the Seventh Amendment). Plaintiffs contend that the Unruh Civil Rights Act does not provide a statutory right to a jury trial because that statute incorporates the ADA and provides a state law cause of action for violations of the ADA. Motion at 3. The Court agrees. Plaintiffs' Unruh Civil Rights Act Claim is for violations of the ADA, which—as described above—does not provide an express right to a jury trial. See FAC ¶ 311 ("As Defendants have violated Plaintiffs' patients' rights under the Americans with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

Disabilities Act, they have also violated California's Unruh Civil Rights Act"). In addition, the Ninth Circuit has found that an analogous state statute—the Arizona Civil Rights Act—did not provide a right to a jury trial because the state law was modeled on Title VII of the Civil Rights Act, which does not provide a statutory jury trial right. See Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1069 (9th Cir. 2005).[2] Finally, California Civil Procedure Code § 1094.5 provides that a petition for a writ of administrative mandate "shall be heard by the court sitting without a jury." Cal. Civ. Proc. Code § 1094.5(a)

Because there is no express statutory right to a jury trial in this case, the Court examines whether defendants are entitled to a jury trial under the Seventh Amendment. First, the Court considers whether there was an analogous claim for disability discrimination at common law. The Ninth Circuit has concluded that, "[a]lthough there were no discrimination actions at common law," a discrimination claim under Section 504 of the Rehabilitation Act "is most closely analogous either to an 18th-century tort action or an action brought to enforce an express or implied employment contract." Smith, 914 F.2d 1330, 1337 (9th Cir. 1990). The Ninth Circuit found that, in the eighteenth century, "[s]uch actions could have been brought in either courts of law or courts of equity, depending on the relief sought." As a result, the Smith court concluded that "this first factor is not persuasive authority either for or against the jury trial, and

---

[2] At oral argument, counsel for defendants asserted for the first time that the California Constitution entitles plaintiffs to a jury trial on their Unruh Civil Rights Act Claim. The California Constitution mandates that "[t]rial by jury is an inviolate right and shall be secured to all. . . . In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." Cal. Const. art. I, § 16. However, under the California Constitution, "[a]s a general proposition, [t]he jury trial is a matter of right in a civil action at law, but not in equity." C & K Eng'g Contractors v. Amber Steel Co., 587 P.2d 1136, 1139 (Cal. 1978) (quotation marks omitted); see also Baugh v. Garl, 137 Cal. App. 4th 737, 740 (2006) ("There is no right to a jury trial in an action in equity."). "A jury trial must be granted where the Gist of the action is legal, where the action is in reality cognizable at law. On the other hand, if the action is essentially one in equity and the relief sought depends upon the application of equitable doctrines, the parties are not entitled to a jury trial." C & K Eng'g Contractors, 587 P.2d at 1140 (citation and quotation marks omitted). Thus, the Court concludes that its Seventh Amendment analysis applies equally to the question of whether defendants are entitled to a jury trial pursuant to the California Constitution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

leaves us in equipoise as to whether [plaintiffs] are entitled to a jury trial." Id. (quotation marks omitted). Recognizing Smith's applicability to the instant case, plaintiffs concede that "this Court's analysis should focus on the second prong"—that is, the nature of the relief sought. Reply at 6.

Plaintiffs address the relief they seek twice in the FAC. First, plaintiffs state that they "seek injunctive and declaratory relief, and an award of attorneys' fees and costs[.]" FAC ¶ 23. Second, in their prayer for relief, plaintiffs request: (1) a preliminary and permanent injunction mandating that defendants immediately grant the CUPs; (2) "damages in an amount to be determined according to proof;" (3) a writ of mandate; (4) attorneys' fees and costs; and (5) other relief as is deemed proper. Id. at 88–89. In the instant motion, plaintiffs contend that they seek injunctive relief and related incidental damages to recoup lease payments for the period of time during which the leased property was not usable due to the revocation of previously granted permits. Motion at 5–6. As a result, plaintiffs assert that any damages they seek are "merely incidental to and intertwined with the injunctive relief sought" and, therefore, defendants are not entitled to a jury trial. Id. at 6. Defendants, however, argue that plaintiffs may not now attempt to limit the damages they seek to "incidental damages." Opp'n at 6.

Generally, "[m]oney damages are the traditional form of relief offered in the courts of law." Smith, 914 F.2d at 1337 (quotation marks omitted). However, "an award of monetary damages may constitute equitable relief if it is 'incidental to or intertwined with injunctive relief.'" Traxler v. Multnomah Cty., 596 F.3d 1007, 1012 (9th Cir. 2010) (quoting Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 571 (1990)). For example, in the employment context, the Ninth Circuit has recognized that a front pay award is an "equitable award within the purview of the court, not the jury" because the "monetary award is inextricably linked with the equitable determination regarding reinstatement. Traxler, 596 F.3d at 1012.

At oral argument, plaintiffs stipulated that the only damages they seek are the "carrying costs of the monthly lease payments" that have accrued since the City denied plaintiffs' CUP applications. See Reply at 6. The Court therefore concludes that such monetary damages appear to be incidental and intertwined with the injunctive relief that plaintiffs seek. See Choka v. McClellan, No. 10-cv-702-ST, 2010 WL 5825522, at *3 (D. Or. Dec. 28, 2010) ("Given the lack of any request for specific monetary damages, and the focus on the remedies of declaratory and injunctive relief, this court interprets Choka as seeking equitable relief and payment of certain costs only as incidental to such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS(PLAx) | Date | February 6, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI ET AL. v. CITY OF SAN GABRIEL ET AL. | | |

equitable relief."), report and recommendation adopted, No. 10-cv-702-ST, 2011 WL 654098 (D. Or. Feb. 14, 2011); Schmidt v. Levi Strauss & Co., 621 F. Supp. 2d 796, 804 (N.D. Cal. 2008) ("The enumerated items all appear to be costs that the plaintiffs would be 'out-of-pocket' because of the alleged wrongful discharge and which must be reimbursed to plaintiffs in order to 'make them whole.' They do not represent discretionary monetary relief which, by contrast, would be tried before a jury."); Boucher v. Du Boyes, Inc., 137 F. Supp. 639, 641 (S.D.N.Y. 1955) ("The prayed for damages appear clearly to be incidental to the equitable relief requested. The mere request for damages does not alter the primary or dominant nature of the action as being one in equity for an injunction and an accounting."). Nonetheless, the Court concludes that it would be prudent to impanel an advisory jury—pursuant to Federal Rule of Civil Procedure 39(c)(1)—to aid the Court in its findings on what, if any, damages ought to be awarded to plaintiffs.

## VI. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion to strike defendants' demand for a jury trial.

IT IS SO ORDERED.

|  | 00 : 09 |
|---|---|
| Initials of Preparer | CL |