UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS (PLAx) | Date | February 21, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI, ET AL. V. CITY OF SAN GABRIEL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS AND DEFENDANTS' COUNSEL (Filed January 30, 2017, Dkt. 92)

The Court is in receipt of plaintiff's motion for sanctions pursuant to Federal Rule of Civil Procedure 11, dkt. 92, as well as the opposition, dkt. 130, and reply, dkt. 135. The Court finds this motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of February 27, 2017, is hereby vacated, and the matter is hereby taken under submission.

Under Fed.R.Civ.P. 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed.R.Civ.P. 11(b). The imposition of sanctions is a matter within the discretion of the Court. Fed.R.Civ.P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

Having closely reviewed the parties' arguments and evidence, the Court concludes that sanctions are not appropriate at this time. The gravamen of plaintiff's motion is that defendants have (1) pressed improper arguments in bad faith, (2) failed to reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01756-CAS (PLAx) | Date | February 21, 2017 |
|---|---|---|---|
| Title | LAKHI SAKHRANI, ET AL. V. CITY OF SAN GABRIEL, ET AL. | | |

investigate factual disputes or engage in conferences with opposing counsel, and (3) knowingly or recklessly presented false information to the Court. Defendants, for their part, have offered a response to each of plaintiff's allegations, most of which appear to derive from the parties' evident animosity towards one another and aggressive litigation postures.

The most serious allegation is that defendants knew or should have known that a statement in a declaration by Robert Kress was false. The parties disagree as to whether the City Council of San Gabriel singled out plaintiff's conditional use permit applications for different procedures relative to other conditional use permits. Plaintiff argues that the City of San Gabriel used a different procedure to evaluate a particular permit sought by a liquor store. Kress, San Gabriel's City Attorney, stated in a declaration offered to the Court on November 17, 2016, that there was less public interest in the liquor store's conditional use permit and that the City of San Gabriel received "no petitions in favor or against" said application. Dkt. 74 ¶ 4. During discovery, defendants produced relevant documents and plaintiffs discovered that the City of San Gabriel had, in fact, received many petitions for and against the liquor store's permit. When plaintiff raised the discovery with defendants, defendants appear to have offered to stipulate that the relevant portion of Kress's declaration should be stricken. Dkt. 130 ("Ramirez Decl.") ¶ 4.

Given the voluminous discovery in this case, and the myriad factual and legal issues it presents, the foregoing issue with an isolated sentence in the Kress declaration does not warrant the sanctions sought by plaintiff. Nor does the other behavior, albeit troubling, of which plaintiff complains. Accordingly, plaintiff's motion for sanctions is **DENIED**. However, the Court will not tolerate inaccurate declarations or unprofessional conduct. The parties are both admonished and directed to deal with one another in a truthful and professional manner. Failure to do so may result in sanctions in the future.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CL |